IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:26-cv-433-CCE (JEP)

| | | |
|---|---|---|
| SHAWN CARD, individually and on behalf of all others similarly situated, | : : : | **DEFENDANT R.J. REYNOLDS TOBACCO HOLDINGS, INC.'S** |
| Plaintiff, | : | **REPLY BRIEF IN SUPPORT OF ITS** |
| v. | : : | **MOTION TO DISMISS COMPLAINT [F.R.C.P. 12(b)(6)]** |
| R.J. REYNOLDS TOBACCO HOLDINGS, INC., | : : : | |
| Defendant. | : : | |

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 2

ARGUMENT ............................................................................................................... 3

    I.     THE COURT IS NO LONGER BOUND BY FCC INTERPRETATIONS ........... 3

    II.    TEXT MESSAGES ARE NOT "TELEPHONE CALLS" ...................................... 4

         A.     Plaintiff's claims fail under the plain language of Section 227(c). .............. 4

         B.     Section 227(c)(5) does not create a private right of action for "telephone solicitations." ..................................................................................................... 7

         C.     Congress amended the TCPA to include text messages in other provisions but not in Section 227(c)(5). ........................................................ 9

    III.    CELL PHONE SUBSCRIBERS ARE NOT "RESIDENTIAL TELEPHONE SUBSCRIBERS" .............................................................................. 10

    IV.    PLAINTIFF'S ARGUMENTS AGAINST CERTIFICATION UNDER 28 U.S.C. § 1292(B) ARE PREMATURE ................................................................ 12

CONCLUSION ......................................................................................................... 13

LOCAL RULE 7.3(D) CERTIFICATION OF WORD COUNT .................................... 14

CERTIFICATE OF SERVICE ................................................................................... 15

# **TABLE OF AUTHORITIES**

**Cases**

*ACA Fin. Guar. Corp. v. City of Buena Vista*,
  917 F. 3d 206 (4th Cir. 2019) ................................................................. 13

*ACA Int'l v. FCC*,
  885 F.3d 687 (D.C. Cir. 2018) ................................................................ 10

*Alexander v. Sandoval*,
  532 U.S. 275, 286 (2001) ....................................................................... 7, 9

*Alvarez v. Fiesta Nissan, Inc.*,
  No. 25-00479, 2026 U.S. Dist. LEXIS 14155, (S.D. Tex. Jan. 26, 2026) .............. 6

*Azar v. Allina Health Servs.*,
  587 U.S. 566 (2019) ............................................................................... 11

*Cacho v. McCarthy & Kelly LLP*,
  739 F. Supp. 3d 195 (S.D.N.Y. July 3, 2024) .................................... 11, 12

*Campbell-Ewald Co. v. Gomez*,
  577 U.S. 153 (2016) .............................................................................. 6, 10

*Chennette v. Porch.com,Inc.*,
  50 F.4th 1217 (9th Cir. 2022) ................................................................ 11

*Davis v. CVS Pharm., Inc.*,
  No. 4:24-cv-477-AW-MAF, 2025 U.S. Dist. LEXIS 167366 (N.D. Fla.
  Aug. 26, 2025) ....................................................................................... 6, 8

*Facebook v. Duguid*,
  592 U.S. 395 (2021) ............................................................................... 6

*Gaker v. Q3M Ins. Sols.*,
  No. 3:22-cv-00296, 2023 U.S. Dist. LEXIS 44919
  (W.D.N.C. Feb. 8, 2023) ........................................................................ 12

*Howard v. Republican Nat'l Comm.*,
  164 F.4th 1119 (9th Cir. 2026) ............................................................... 5

*Hudson v. Palm Beach Tan, Inc.*,
  No. 1:23-cv-486, 2024 U.S. Dist. LEXIS 165676 (M.D.N.C. Aug. 12,
  2024) .............................................................................................. 5, 11, 12

*Ins. Mktg. Coal. Ltd. v. FCC*,
  127 F.4th 303 (11th Cir. 2025) ............................................................... 4

ii

*Isaacs v. USHEALTH Advisors, LLC*,
No. 3:24-cv-00216, 2025 U.S. Dist. LEXIS 152625, (N.D. Ga. Aug. 7,
2025)..........................................................................................................11

*Jackson v. Direct Bldg. Supplies LLC*,
No. 4:23-cv-01569, 2024 U.S. Dist. LEXIS 8811 (M.D. Pa. Jan. 17, 2024).........11

*Jones v. Blackstone Med. Servs., LLC*,
No. 1:24-v-01074, 2025 U.S. Dist. LEXIS 138371, (C.D. Ill. July 21, 2025).........8

*Lirones v. Leaf Home Water Sols., LLC*,
No. 5:23-cv-02087, 2024 U.S. Dist. LEXIS 165900 (N.D. Ohio Sept. 16,
2024)..........................................................................................................11

*Loper Bright Enters. v. Raimondo*,
603 U.S. 369 (2024) .................................................................................passim

*McGonigle v. Teleflora, Inc.*,
No. 1:25-cv-00807 (E.D. Va. Mar. 13, 2026) ........................................................5

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*,
606 U.S. 146 (2025) .............................................................................................3, 10

*Mey v. Liberty Home Guard, LLC*,
No. 5:23-CV-281, 2026 U.S. Dist. LEXIS 739 (N.D. W. Va. Jan. 5, 2026) ... 5, 6, 8

*Newman v. SGMS, Inc.*,
NO. 3:25-CV-00042, 2025 U.S. Dist. LEXIS 169748 ..........................................11

*Satterfield v. Simon & Schuster, Inc.*,
569 F.3d 946 (9th Cir. 2009) ..................................................................................5

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*,
580 U.S. 405 (2017) ................................................................................................9

*Steidinger v. Blackstone Medical Services*,
No. 25-2398, 2026 U.S. App. LEXIS 20613 (7th Cir. July 14, 2026)............passim

*Sw. Airlines Co. v. Saxon*,
596 U.S. 450 ............................................................................................................7

*Taha v. Momentive Software, Inc.*,
No. 8:25-cv-02330, 2026 U.S. Dist. LEXIS 54376, (C.D. Cal. Mar. 11,
2026)..........................................................................................................6

*Trim v. Reward Zone USA LLC*,
76 F. 4th 1157 (9th Cir. 2023)................................................................................7

*Williams v. Myler Disability, LLC*,
No. 3:20-cv-00275, 2020 U.S. Dist. LEXIS 211914 (W.D.N.C. 2020) ..................5

*Wilson v. Hard Eight Nutrition LLC*,
No. 6:25-CV-00144, 2025 U.S. Dist. LEXIS 122504, (D. Or. June 27, 2025) ................................................................................................ 11

**Rules and Statutes**

28 U.S.C. § 1292(b) ............................................................................................... 12

47 U.S.C. § 227(a)(4) ......................................................................................... 7, 8

47 U.S.C. § 227(b) .................................................................................................. 6

47 U.S.C. § 227(b)(1)(B) ........................................................................................ 8

47 U.S.C. § 227(c)(3) .............................................................................................. 8

47 U.S.C. § 227(c)(5) ..................................................................................... passim

47 U.S.C. § 227(e)(8)(A) ..................................................................................... 7, 9

47 U.S.C. § 227(e)(8)(B) ..................................................................................... 7, 9

47 U.S.C. § 227(i)(1)(A) .......................................................................................... 9

Fed. R. App. P. 5(a)(3) ......................................................................................... 12

**Agency Regulations**

*In re Rules and Regulations Implementing the TCPA of 1991*,
18 FCC Rcd. 14014 (2003) ................................................................................ 3

iv

Defendant R.J. Reynolds Tobacco Holdings, Inc. ("Defendant")[1] hereby replies to Plaintiff Shawn Card's ("Plaintiff") Opposition to Defendant's Motion to Dismiss (Doc. No. 13) and in support states as follows:

**INTRODUCTION**

This motion turns on straightforward principles of statutory interpretation, not broad policy appeals. The question is whether Section 227(c)(5) of the Telephone Consumer Protection Act ("TCPA") creates a private right of action for text messages sent to a cellular telephone number. It does not. A text message is not a "telephone call," and a cell phone subscriber is not a "residential telephone subscriber." The Complaint fails as a matter of law.

After Defendant filed its motion, the Seventh Circuit held that texts are not telephone calls under Section 227(c)(5). *Steidinger v. Blackstone Medical Services*, No. 25-2398, 2026 U.S. App. LEXIS 20613 (7th Cir. July 14, 2026); *see* Doc. No. 12. This Court should reach the same conclusion.

After *Loper Bright* and *McLaughlin*, courts interpret Section 227(c) independently, and the FCC pronouncements that led to the expansion of the statute are no longer entitled to deference. When the TCPA was enacted in 1991, a "telephone call" was, by definition, an audible communication, an inconvenient fact that Plaintiff and most of his cited authorities refuse to acknowledge. Congress used the broader term "telephone solicitation" throughout Section 227(c) yet conferred a private right of action only to recipients of a

---

[1] As noted in its opening memorandum, R.J. Reynolds Tobacco Holdings, Inc. is not the properly named defendant. *See* Doc. No. 8, at n.1.

"telephone call"—a deliberate choice that no regulation or agency pronouncement can override.  Though Congress later added text messages to other TCPA provisions, it did not add them to Section 227(c)(5).  Lastly, Plaintiff is not a "residential telephone subscriber" and thus cannot bring suit under the statute.

These defects are legal, not factual, and Plaintiff offers no argument as to how he could remedy them.  The Complaint should be dismissed with prejudice and without leave to amend.

## ARGUMENT

### I.   THE COURT IS NO LONGER BOUND BY FCC INTERPRETATIONS

Plaintiff does not dispute that after *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), this Court must interpret Section 227(c)(5) using ordinary principles of statutory construction, with the statute's meaning "fixed at the time of enactment." *Loper Bright*, 603 U.S. at 400 (quoting *Wisc. Cent. Ltd. v. U.S.*, 585 U.S. 274, 284 (2018)); *see McLaughlin*, 606 U.S. at 168 (district courts "not bound by the FCC's interpretation of the TCPA").

Application of this framework is dispositive here.  It was the FCC—not Congress— that declared a text message to be a "call" and wireless subscribers to be "residential subscribers."  Doc. No. 8, at 11-12, 14; *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014 (2003) ("2003 Order").  Those pronouncements came twelve years after enactment and rest on policy considerations, not specialized "factual

3

premises within the agency's expertise." *Loper Bright*, 603 U.S. at 394, 402 (quotations omitted). As such, they warrant no deference. *Id.* at 403. And while Congress gave the FCC implementation authority, the agency cannot redefine "telephone call" or "residential telephone subscriber" as it sees fit. *See Ins. Mktg. Coal. Ltd. v. FCC*, 127 F.4th 303, 317 (11th Cir. 2025) (FCC exceeded authority in redefining "prior express consent" under TCPA).

## II. TEXT MESSAGES ARE NOT "TELEPHONE CALLS"

### A. Plaintiff's claims fail under the plain language of Section 227(c).

Section 227(c)(5) affords a private right of action only to "[a] person who has received more than one *telephone call* within any 12-month period . . . in violation of the regulations prescribed under this subsection . . . ." 47 U.S.C. § 227(c)(5) (emphasis added). Because a text message is not a "telephone call," Plaintiff's claims should be dismissed.

In 1991, to "call" meant "to get or try to get into communication by telephone," and a "telephone" was "an instrument for reproducing **sounds** at a distance." Webster's Ninth New Collegiate Dictionary 197, 1212 (1989) (emphasis added). A "telephone call," then, was a communication conveyed by sound—not by writing or text. Plaintiff cites a definition of a "call" as communication *by telephone*, but he then fails to examine the 1991 definition of "telephone." Doc. No. 13, at 14-15. This argument improperly reads the word "telephone"—and its sound requirement—out of the statute.

The only court of appeals to directly construe Section 227(c)(5) in this context agrees. In *Steidinger*, the Seventh Circuit applied these same 1991 definitions and held

that "a 'telephone call' referred to communication via sound," and that "[t]ext messages do not reproduce sounds." 2026 U.S. App. LEXIS 20613, at *5.

Nothing in the case law holds otherwise. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) addressed a different provision of the Act, Section 227(b)(1)(A), and used a 2002 dictionary definition of "call" to adopt the FCC's interpretation without considering the definition of "telephone." *Id.* at 953-54. *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119 (9th Cir. 2026), was also a Section 227(b) case that *affirmed dismissal* because the recipient had to press play on a video file before hearing the voice. *Howard* accepted *Satterfield*'s definition of "call" and never addressed Section 227(c)(5).[2] The Seventh Circuit in *Steidinger* declared itself "uncompelled" by these inapposite decisions, and this Court should too. 2026 U.S. App. LEXIS 20613, at *10.

Plaintiff's reliance on *Mey v. Liberty Home Guard, LLC*, No. 5:23-CV-281, 2026 U.S. Dist. LEXIS 739 (N.D. W. Va. Jan. 5, 2026), is also misplaced. First, it improperly defers to the FCC's inclusion of text messages.[3] *Id.* at *18-19. Second, *Mey* was decided months before *Steidinger*, the only court of appeals decision to squarely construe Section 227(c)(5). In concluding that the "broader TCPA structure confirms that calls are inclusive of texts," *Mey* relied on pre-*Loper Bright* authority, much of it from the Seventh Circuit

---

[2] *Williams v. Myler Disability, LLC*, No. 3:20-cv-00275, 2020 U.S. Dist. LEXIS 211914 (W.D.N.C. 2020) similarly addressed Section 227(b) and is thus unpersuasive.

[3] *Hudson v. Palm Beach Tan, Inc.*, No. 1:23-cv-486, 2024 U.S. Dist. LEXIS 165676 (M.D.N.C. Aug. 12, 2024) relies almost exclusively on FCC guidance to hold that Section 227(c)(5) covers text messages. *Id.* at *17-20. *Hudson*, *Mey*, and the unpublished order from *McGonigle v. Teleflora, Inc.*, No. 1:25-cv-00807 (E.D. Va. Mar. 13, 2026), ECF No. 66, which contains no analysis whatsoever, constitute what Plaintiff calls the Fourth Circuit's "uniformity" on the issue. Doc. No. 13, at 25.

which *Steidinger* considered and rejected as inapposite. *Mey*, 2026 U.S. Dist. LEXIS 739, at *17-18; *Steidinger*, 2026 U.S. App. LEXIS 20613, at *9-10. As *Steidinger* explained, those decisions concerned Section 227(b), not Section 227(c)(5). *Id.* Further, each rested on *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), which—as the Supreme Court later clarified—merely *assumed*, without deciding, that a text is a "call." *Id.* (citing *Duguid*, 592 U.S. at 400, n.2).

Other district court decisions relied on by Plaintiff fare no better. *Alvarez v. Fiesta Nissan, Inc.*, No. 25-00479, 2026 U.S. Dist. LEXIS 14155, at *11-12 (S.D. Tex. Jan. 26, 2026), found that, so long as a telephone could make voice calls, any communication from it constituted a "call," while *Taha v. Momentive Software, Inc.*, No. 8:25-cv-02330, 2026 U.S. Dist. LEXIS 54376, at *7-8 (C.D. Cal. Mar. 11, 2026), absurdly found the defendants "overemphasize[d] the significance of the word 'telephone' in this context."

If, as Plaintiff contends, a "telephone call" were any communication between telephones, then the term would encompass emails, push notifications, in-app messages, and any other means of communication available on a cell phone. Even before *Loper Bright*, the Supreme Court rejected efforts to update the statute, stating "this Court cannot rewrite the TCPA to update it for modern technology." *Facebook v. Duguid*, 592 U.S. 395, 397 (2021). The TCPA's "remedial" purposes "cannot overcome the clear commands" of the text. *Steidinger*, 2026 U.S. App. LEXIS 20613, at *14.

A telephone call has meant one thing—communication by sound—since Alexander Graham Bell's first call in 1876. *See Davis v. CVS Pharm., Inc.*, No. 4:24-cv-477-AW-MAF, 2025 U.S. Dist. LEXIS 167366, at *3 (N.D. Fla. Aug. 26, 2025) ("[n]o normal

6

person refers to a text message, or thinks of a text message, as a 'call'").[4]  The inquiry should end here; Plaintiff's claims should be dismissed.

### B. Section 227(c)(5) does not create a private right of action for "telephone solicitations."

Plaintiff next argues that the definition of "telephone solicitation" in Section 227(a)(4), which includes "call or message," demonstrates Congress's intent to include text messages under Section 227(c).  ECF No. 13, at 15-16.  This argument fails for two reasons.  First, if the term "call" includes a text message, the words "or message" would be superfluous in Section 227(a)(4).  *See Trim v. Reward Zone USA LLC*, 76 F. 4th 1157, 1162 (9th Cir. 2023) (reaching same conclusion analyzing Section 227(e)(8)(A), (B)).  Second, "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  If Congress wanted to create a private right of action for "telephone solicitations" in Section 227(c)(5), then it would have done so.  Instead, it used the narrower term "telephone calls."  This is not a "statutory anomaly" as suggested by plaintiff (Doc. No. 13, at 18); it is statutory **intent**.  *See Steidinger*, 2026 U.S. App. LEXIS 20613, at *7 ("because Congress used a different term in these two subsections of Section 227, it intended a different meaning") (citing *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 457-58).[5]

---

[4] Plaintiff contends Defendants' reference to the common understanding of the term today undermines its "fixed-at-enactment methodology."  Doc. No. 13, at 15.  Plaintiff misses the point.  Because the common meaning of "telephone call" has not changed since the TCPA was enacted, it is improper to expand its definition in this context.

[5] This also refutes Plaintiff's claim that *Steidinger* gives "call" two meanings.  Doc. No. 13, at 23.  Section 227(b) prohibits "*any* call," including calls to text-based "paging service[s]," and its private right of action reaches "any violation of this subsection."

Plaintiff's argument that any violation of the implementing regulations gives rise to a private right of action under Section 227(c)(5) runs afoul of fundamental separation of powers between Congress and the Executive Branch.[6] Section 227(c)(5)'s reference to the regulations "simply clarifies which calls . . . are the basis for a suit." *Steidinger*, 2026 U.S. App. LEXIS 20613, at *12. Further, the FCC's do-not-call rules issued under Section 227(c)(3), not Section 227(c)(5). *Id.* at *11.

Moreover, when the TCPA was enacted in 1991, the term "message" referred only to fax messages and prerecorded voice messages—not text messages, which indisputably did not yet exist. *See, e.g.*, 47 U.S.C. § 227(b)(1)(B) (prohibiting "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message"); § 227(d) (establishing standards for fax machines and "artificial or prerecorded voice messages"); *see also Jones v. Blackstone Med. Servs., LLC*, No. 1:24-v-01074, 2025 U.S. Dist. LEXIS 138371, *11 (C.D. Ill. July 21, 2025) ("'telephone call or message' could not be interpreted in 1991 to mean telephone call or *text* message."). Congress' inclusion of "call or message" in section 227(a)(4) actually "undermines" Plaintiff's argument, as "[i]t shows that Congress does not use the term "telephone call" to encompass all "messages." *Davis v. CVS Pharm., Inc.*, 2025 U.S. Dist. LEXIS 167366, at *6. Accordingly, nothing in Section 227(a)(4)'s definition of "telephone solicitations" expands the scope of Section 227(c)(5) to include text messages.

Section 227(c)(5), as noted, turns on the narrower "telephone call." *Steidinger*, 2026 U.S. App. LEXIS 20613, at *13-14.

[6] *Mey* falls into the same trap, conflating the scope of the FCC's regulations with the private right of action granted by Congress. 2026 U.S. Dist. LEXIS 739, at *16-17.

8

### C. Congress amended the TCPA to include text messages in other provisions but not in Section 227(c)(5).

When Congress introduced text messages into the TCPA, it did so expressly and, crucially, elsewhere. The term "text message" first appeared in the TCPA in 2018, when Congress distinguished "a ***call*** made using a voice service" and a "***text message*** sent using a text messaging service." 47 U.S.C. § 227(e)(8)(A), (B) (emphasis added). Critically, neither the 2018 amendment nor the 2019 TRACED Act made any changes to Section 227(c), the operative provision here. 47 U.S.C. § 227(i)(1)(A).[7]

Nevertheless, Plaintiff contends Congress "ratified" the 2003 Order when it passed the TRACED Act, arguing Congress' *failure to act* was a tacit endorsement of the interpretation that "call" includes text messages. Doc. No. 13, at 16-17. This argument should be rejected. *See Alexander v. Sandoval*, 532 U.S. at 292 (given "isolated amendments, . . . [i]t is impossible to assert with any degree of assurance that congressional failure to act represents affirmative congressional approval" (quotation omitted); *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 424 (2017) ("[c]ongressional inaction lacks persuasive significance in most circumstances"). At bottom, Congress could have added text messages to Section 227(c)(5), but it did not.

Also incorrect is Plaintiff's fallback argument that statutory *stare decisis* "preserves" the *Chevron*-era decisions applying the FCC's expansion of Section 227(c)(5).

---

[7] In fact, none of the TCPA's amendments have ever modified Section 227(c)(5). Bipartisan Budget Act of 2015, 114 P.L. 74, 129 Stat. 584, Title III, § 301 (2015), Truth in Caller ID Act of 2009, 111 P.L. 331, 124 Stat. 3572 (2010); Junk Fax Prevention Act of 2005, 109 P.L. 21, 119 Stat. 359 (2005); CAN-SPAM Act of 2003, 108 P.L. 187, 117 Stat. 2699 (2003).

9

That principle prevents a court from overruling its own prior judicial holding merely because it rested on *Chevron*; it does not transform an agency pronouncement into judicial precedent. No decision of the Supreme Court or the Fourth Circuit has held, upon independent analysis, that a text is a "telephone call" under Section 227(c)(5). At most, *Campbell-Ewald* merely noted the point was "undisputed" by those parties. 577 U.S. at 156. Under *McLaughlin*, this Court should construe the statute independently, 606 U.S. at 168, and decisions that simply deferred to the FCC—all Plaintiff offers—carry no *stare decisis* weight here.

### III. CELL PHONE SUBSCRIBERS ARE NOT "RESIDENTIAL TELEPHONE SUBSCRIBERS"

Plaintiff asks this Court to hold that a "residential telephone subscriber" is any person who uses a phone for personal, non-business purposes. Doc. No. 13, at 9-12. Once more, his strained reading ignores the clear language and structure of the TCPA.

After carefully distinguishing between residential and cellular telephones in Section 227(b), Congress limited the protections of Section 227(c) to "residential telephone subscribers." Doc. No. 8, at 15. *See also ACA Int'l v. FCC*, 885 F.3d 687, 713 (D.C. Cir. 2018) ("calls to residential and wireless numbers warrant differential treatment" under the TCPA). Plaintiff all but ignores this distinction, offering only that Congress sought to protect "subscribers," not "lines." Doc. No. 13, at 7.

Though Plaintiff concedes the meaning of a word at enactment controls, he does not—and cannot—cite any 1991 definition under which a "residential telephone" includes a cell phone. At enactment, "residential" meant "of, relating to, or connected with

10

residence or residences," and a residential telephone was "a telephone connected with a residence." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1233 (9th Cir. 2022) (Ikuta, J., dissenting) (quoting contemporaneous dictionaries). Similarly, Plaintiff's contention that "residential" is "just the opposite of 'business'" (Doc. No. 13, at 10) finds no support in the statute.

There is no rational basis to conclude that "subscriber" refers to anything other than a subscriber to a "residential telephone line." "[W]hen Congress uses a term in multiple places within a single statute, the term bears a consistent meaning throughout." *Azar v. Allina Health Servs.*, 587 U.S. 566, 576 (2019).

Plaintiff's authorities cannot fill that gap. His out-of-circuit cases all read Section 227(c)'s "residential telephone *subscriber*" as somehow more expansive than Section 227(b)'s "residential telephone *line*." *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 208 (S.D.N.Y. July 3, 2024); *Jackson v. Direct Bldg. Supplies LLC*, No. 4:23-cv-01569, 2024 U.S. Dist. LEXIS 8811, at *10-11 (M.D. Pa. Jan. 17, 2024); *Lirones v. Leaf Home Water Sols., LLC*, No. 5:23-cv-02087, 2024 U.S. Dist. LEXIS 165900, at *19 (N.D. Ohio Sept. 16, 2024); *Wilson v. Hard Eight Nutrition LLC*, No. 6:25-CV-00144, 2025 U.S. Dist. LEXIS 122504, at *18 (D. Or. June 27, 2025); ); *Isaacs v. USHEALTH Advisors, LLC*, No. 3:24-cv-00216, 2025 U.S. Dist. LEXIS 152625, at *9 (N.D. Ga. Aug. 7, 2025). The two cases Plaintiff cites within this Circuit offer no substantive statutory analysis. *Hudson*, 2024 U.S. Dist. LEXIS 165676, at *7-9 (citing no case from this circuit analyzing the issue); *Newman v. SGMS, Inc.*, NO. 3:25-CV-00042, 2025 U.S. Dist. LEXIS 169748, at *5-7 (same); *see also* Doc. No. 8, at 19-20, n.13. Those cases also improperly substitute

11

policy judgments for reasoned statutory analysis, or improperly defer to FCC interpretations. *See, e.g., Cacho*, 739 F. Supp. 3d at 205 (calling it "absurd" that "an individual who eschews landline service . . . would be deprived of the TCPA's protection"); *Hudson*, 2024 U.S. Dist. LEXIS 165676, at *11-12 (relying on FCC's 2003 Order).

*Gaker v. Q3M Ins. Sols.*, No. 3:22-cv-00296, 2023 U.S. Dist. LEXIS 44919, at *5-7 (W.D.N.C. Feb. 8, 2023) appears to be the only decision in this Circuit to analyze the statute under *Loper Bright*'s rubric, and tellingly it held that cell phone subscribers are not "residential telephone subscribers" under Section 227(c)(5). Accordingly, the Court should follow *Gaker*—and the plain language of Section 227(c)(5)—and dismiss Plaintiff's Complaint.

## IV. PLAINTIFF'S ARGUMENTS AGAINST CERTIFICATION UNDER 28 U.S.C. § 1292(B) ARE PREMATURE

Plaintiff devotes a substantial portion of his Opposition to arguing against certification under 28 U.S.C. § 1292(b). Doc. No. 13, at 23-26. That question is not before the Court as neither party has petitioned for certification, and any such request would be premature. Determining whether interlocutory review is warranted depends on the content and reasoning of an order that does not yet exist. Should the Court deny the Motion, the purely legal, potentially dispositive questions presented may warrant certification, and Plaintiff's contrary arguments, premised largely on the state of authority before *Steidinger*, can be tested then. Defendant reserves the right to seek certification by separate motion at that time. *S* 28 U.S.C. § 1292(b); Fed. R. App. P. 5(a)(3).

12

## CONCLUSION

Defendant respectfully requests this Court grant Defendant's motion to dismiss Plaintiff's Complaint with prejudice. Plaintiff's request for leave to amend should be denied, as he fails to explain how he could amend to state a claim. *See ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F. 3d 206, 218 (4th Cir. 2019).

Dated: August 3, 2026

WOMBLE BOND DICKINSON (US) LLP

*/s/ John F. Morrow, Jr.*
John F. Morrow, Jr.
NC Bar No. 23382
One West 4th Street, 12th Floor
Winston-Salem, NC 27101
Tel.: 336.721.3600
Email: John.Morrow@wbd-us.com

Tomio B. Narita*
CA Bar No. 156576
Samuel R. Melamed*
CA Bar No. 301303
GA Bar No. 234836
50 California Street, Suite 2800
San Francisco, CA 94111
Tel.: 415.433.1900
Email: Tomio.Narita@wbd-us.com
Email: Samuel.Melamed@wbd-us.com

Genevieve Walser-Jolly*
CA Bar No. 262784
400 Spectrum Center Drive, Suite 1700
Irvine, CA 92618
Tel.: 714.557.3800
Email: Genevieve.Walser-Jolly@wbd-us.com

Counsel for R.J. Reynolds Tobacco Holdings, Inc.

* *Special Appearance Per Local Rule 83.1(d)*

13

# LOCAL RULE 7.3(D) CERTIFICATION OF WORD COUNT

The undersigned hereby certifies that the foregoing Reply Brief, excluding the case caption, signature blocks, and certifications) consists of less than 3,125 words and therefore complies with Local Rule 7.3(d). The undersigned relies on the word count feature of Microsoft Word in making this certification.

/s/ John F. Morrow, Jr.
John F. Morrow, Jr.

## CERTIFICATE OF SERVICE

I certify that I have on this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record who have registered to receive such filings.

Date: August 3, 2026

*/s/ John F. Morrow, Jr.*
John F. Morrow, Jr.

15